**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00059-CV**

_____

**MICHAELA WILLIAMS, Appellant**

**V.**

**ABBY COURT APARTMENTS, LLC, Appellee**

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 25CCCV0032**

**MEMORANDUM OPINION**

Pro se appellant Michaela Williams appealed an eviction and rent arrearage judgment in favor of appellee Abby Court Apartments, LLC from the Justice of the Peace Court to the County Court at Law No. 1 of Jefferson County, Texas. She now appeals the County Court at Law judgment. For the reasons explained below, we affirm the trial court's judgment.

1

## BACKGROUND

Abby Court obtained a judgment against Williams following a bench trial. In the judgment, the trial court found in favor of Abby Court and awarded them possession of the premises, $5,151.08 in past due rent and related costs, and $1,500.00 in attorney's fees. The trial court gave Williams seven days to vacate the premises.

The record shows that the trial court held a bench trial on February 25, 2025. Williams appeared pro se and Abby Court was represented by counsel. Abby Court advised the trial court that it sought eviction because Williams defaulted under the terms of her lease by failing to pay her monthly rental amounts. Williams told the trial court that they had previously been in court, and she agreed to pay Abby Court $3,000, but Abby Court objected to this statement and told the trial court that this was in reference to a failed settlement agreement between the parties. Williams agreed the parties did not reach a settlement agreement.

Abby Court called Katrina Wright to testify. Wright stated that she is the regional manager of Ambo Properties which manages Abby Court Apartments. A copy of Williams's signed lease agreement was admitted for Apartment 1210 which showed Williams agreed to pay rent of $1,499 per month.[1] Wright testified

---

[1]The lease agreement was with Keith Adams and Michaela Williams, but at the time of trial, Adams had vacated the apartment.

that at the time of trial, Williams had not paid her rent in a timely manner and was three months behind. According to Wright, Williams was also responsible for paying her utilities but had not paid them, and currently her trash, sewer and water were being billed back to Abby Court. Wright stated that on January 6, 2025, they placed a 72-hour notice to vacate for nonpayment of rent on Williams's apartment door, and a copy of the notice was admitted at trial. They told Williams to vacate by January 10, 2025. During cross-examination, Wright testified that to her knowledge, the apartment payment system allows for partial payments.

Williams's pro se brief does not contain record references, a statement of the issues presented, or citations to authorities. *See* Tex. R. App. P. 38.1. Although a self-represented litigant "is still required to comply with the law and rules of procedure[,]" we liberally construe pleadings and briefs filed by such a litigant. *Giddens v. Brooks*, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied). We construe Williams's brief as challenging the sufficiency of the evidence regarding her eviction and the rent she was ordered to pay.

In a legal-sufficiency review, we credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Evidence is legally sufficient if it "would enable reasonable and fair-minded people to reach the verdict under review." *Id*. The factfinder is the sole judge of the credibility of the

3

witnesses and is responsible for resolving any conflicts in the evidence, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *Id*. at 819–21; *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 625 (Tex. 2004). In a factual-sufficiency review, we consider and weigh all of the evidence, and we will set aside the trial court's finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). As long as the evidence falls within the zone of reasonable disagreement, we cannot substitute our judgment for that of the factfinder. *See City of Keller*, 168 S.W.3d at 822.

A forcible detainer action is governed by discrete provisions of the Texas Property Code and the Texas Rules of Civil Procedure. *See* Tex. Prop. Code Ann. §§ 24.001–.011; Tex. R. Civ. P. 510.1–.13. "The action is intended to be a summary, speedy, and inexpensive remedy for resolving a dispute over 'who is entitled to possession of the premises.'" *McClane v. New Caney Oaks Apartments*, 416 S.W.3d 115, 118 (Tex. App.—Beaumont 2013, no pet.) (citation omitted).

The elements of a landlord's cause of action for forcible detainer are: (1) a landlord-tenant relationship exists between the parties; (2) the tenant can be evicted because he is a holdover tenant, tenant at will, tenant at sufferance, or the tenant of a person who acquired possession by forcible entry; (3) the landlord made

a proper demand for possession; (4) the period of time to vacate the property has expired; and (5) the tenant has refused to surrender possession to the landlord. *See* Tex. Prop. Code Ann. § 24.002; *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Although the only issue to be determined is the right to actual possession, a claim for rent may be brought with the action. *See Murphy*, 199 S.W.3d at 446–47 (discussing forcible detainer as determining a superior right to immediate ownership); *see also* Tex. R. Civ. P. 510.3(a), (d) (stating that a claim for rent may be asserted in an eviction case), 510.8(b) (stating required contents of judgment, including delinquent rent, if applicable). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

Crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not, we conclude that the evidence would enable reasonable and fair-minded people to conclude that Abby Court was entitled to possession and was owed rent in the amount determined by the trial court. Therefore, the evidence was legally sufficient. *See City of Keller*, 168 S.W.3d at 827. Furthermore, considering and weighing all the evidence, we conclude that the evidence that Abby Court was entitled to possession and was owed

rent in the amount determined by the trial court is not so weak nor are the findings so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See Francis*, 46 S.W.3d at 242. Therefore, the evidence is factually sufficient. Accordingly, we overrule Williams's issues and affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on November 4, 2025
Opinion Delivered November 26, 2025

Before Golemon, C.J., Wright and Chambers, JJ.